Adam I. Gafni, Cal. Bar No. 230045
Sascha Meisel, Cal. Bar No. 293841
**LAW OFFICES OF ADAM I. GAFNI**
2811 Wilshire Blvd., Suite 780
Santa Monica, California 90403
Tel: (424) 744-8344
Fax: (424) 488-1344
E-mail: adam@gafnilaw.com
E-mail: sascha@gafnilaw.com

Attorneys for Plaintiff, BARRY ROSEN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>              Plaintiff,<br><br>vs.<br><br>MASTERPIECE MARKETING GROUP, LLC; a Kansas limited liability company; SEARS BRANDS, LLC; SEARS HOLDING MANAGEMENT CORPORATION; and DOES 1-10.<br><br>              Defendants. | Case No.: 2:15-cv-06629<br><br>Assigned for all purposes to the Honorable S. James Otero<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE THE ANSWER OF MASTERPIECE MARKETING GROUP, LLC**<br><br>Date: February 29, 2016<br>Time: 10:00 a.m.<br>Courtroom 1 |

**TO ALL PARTIES, AND THEIR ATTORNEY'S OF RECORD:**

**PLEASE TAKE NOTICE** that on **February 29, 2016** at **10:00 a.m.**, or as soon thereafter as this matter may be heard by the Honorable S. James Otero of the above-entitled Court located at 312 North Spring St, Courtroom 1, Los Angeles, California, Plaintiff BARRY ROSEN, will and hereby does move this Court for an order striking Defendant MASTERPIECE MARKETING GROUP, LLC's first, second, third, fourth, fifth, sixth, seventh, and eighth affirmative defenses in its Answer to the Complaint (Dkt 35) *without* leave to amend.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 15, 2016. During the call, Plaintiff provided Defendant with his basis for bringing the instant motion and provided him with relevant case law supporting his position. Defendant stated in response that he disagreed with Plaintiff's assessment and threatened Rule 11 sanctions against Plaintiff should he bring such a motion.

This Motion is supported by the attached Memorandum of Points and Authorities filed herewith, the pleadings and court records on file, and all other evidence as may be presented to this Court at the hearing or otherwise.


Dated: January 27, 2016                    LAW OFFICES OF ADAM I. GAFNI


                                           By: /s/ Adam I. Gafni
                                           Adam I. Gafni
                                           Attorneys for Plaintiff
                                           Barry Rosen

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO**
**STRIKE THE ANSWER OF MASTERPIECE MARKETING GROUP, LLC**                    2:15-cv-06629

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

# I.   INTRODUCTION AND OVERVIEW OF PERTINENT PLEADINGS

Plaintiff Barry Rosen's operative pleading, the First Amended Complaint, asserts causes of action for copyright infringement and violation of the DMCA against Defendant MASTERPIECE MARKETING GROUP, LLC (hereinafter "Defendant" or "MMG"). This is a straight-forward copyright infringement case in which Defendant MMG copied, distributed, publicly displayed widely online, and sold (or attempted to sell) Plaintiff's copyrighted images on its own website as well as others, including Sears' websites and www.borsariimages.com, which MMG operates. In so doing, MMG also affixed a watermark on the photographs (among other statements) indicating that the copyright in the photographs belonged to Peter Borsari when the copyrights to the photographs did and always have been solely Plaintiff's.

MMG filed its Answer to the First Amended Complaint and Demand for Jury Trial ("Answer") (Dkt. No. 35.) asserting on page 9 of the Answer, eight (8) affirmative defenses, *all of which* are completely unsupported by *any* factual allegations. All of Defendant's affirmative defenses consist either of bare statements of legal doctrines or conclusions. None of the affirmative defenses are pled sufficiently to give Plaintiff fair notice and as such are subject to a motion to strike.

The only reason to keep these defenses would be if MMG truly has *facts* sufficient to support the defenses. As they stand now, Plaintiff and the Court would be hard pressed to discern the basis of the affirmative defenses let alone find any facts to support them in the Answer. Therefore, to streamline this case, Plaintiff moves here, pursuant to Rule 12(f), to strike all eight (8) of these defenses.

# II.   LEGAL ARGUMENT

Under Rule 12(f) of the Federal Rules of Civil Procedure, the "Court may

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE THE ANSWER OF MASTERPIECE MARKETING GROUP, LLC**                    2:15-cv-06629

strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F. 2d 880, 885 (9th Cir. 1983). The Ninth Circuit has defined "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pled." *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (overruled on other grounds in *Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994)). When evaluating a motion to strike, the Court must treat well-pleaded facts as true. *Serpa v. SBC Telecomms., Inc.*, C 03-4223 MHP, 2004 U.S. Dist. LEXIS 18307, *fn 1 (N.D. Cal. Sept. 7, 2004).

Rule 8(b), governs pleading standards for both a complaint and for affirmative defenses. *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). The sufficiency of pleading an affirmative defense is whether it gives the plaintiff fair notice of the defense. *Wyshak v. City Nat'l Bank*, 607 F. 2d 824, 826 (9th Cir. 1979); *Qarbon.com Inc.* at 1048-49. "The decision to strike a portion of a party's pleading is within the sound discretion of the court. *Savage v. Citibank N.A.*, 14-cv-03633-BLF, 2015 U.S. Dist. LEXIS 107501, *4 (N.D. Cal. Aug. 14, 2015).

While the Rule 8 "pleading standard does not require extensive, detailed factual allegations, bare statements reciting mere legal conclusions are insufficient." *Perez v. Gordon & Wong Law Group, P.C.*, 11-CV-03323-LHK, 2012 U.S. Dist. LEXIS 41080, *35 (N.D. Cal. March 26, 2012). A defendant must at least present Plaintiff with "some identifiable fact that if applicable to [Plaintiff] would make the affirmative defense plausible on its face." *Id.* (quoting *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (alteration in original)).

The Twombly-Iqbal pleading standard should apply to affirmative defenses.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE THE ANSWER OF MASTERPIECE MARKETING GROUP, LLC**          2:15-cv-06629

*Gordon & Wong*, 2012 U.S. Dist. LEXIS 41080 at *20 ("The defendant bears the burden of proof on an affirmative defense, in the same way that the plaintiff bears the burden of proof on a claim for relief."); see *Kelly More Paint Co. v. Nat'l Union fire Ins. Co.*, 14-cv-01797-MEJ, 2014 U.S. Dist. LEXIS 148064, *9 (N.D. Cal. Oct. 17, 2014) ("The court is persuaded by the reasoning of the many other courts that have applied the heightened pleading standard to affirmative defenses.").[1] Although the Ninth Circuit, has not yet ruled on this issue (*Barnes* 718 F. Supp. at 1171-72), even courts that decline to apply this heightened pleading standard routinely strike affirmative defenses where they are, as they are here, wholly lacking in factual support.

Under any standard, an affirmative defense may not simply state a legal conclusion; it must be supported by facts explaining how the defense connects to the instant case. *PepsiCo, Inc. v. J.K. Distribs.*, 8:07-cv-00657-FMC-CTx, 2007 U.S. Dist. LEXIS 74489, *5 (C.D. Cal. Sept. 14, 2007). Without supporting facts, such an unsupported defense will not withstand a motion to strike. *Id.*

The affirmative defenses pled by MMG do not meet either standard.

A. <u>**First Affirmative Defense – Plaintiff's First Amended Complaint Fails to State a Claim Upon Which Relief Can Be Granted**</u>

Defendant's first claimed affirmative defense states that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted. Failure to state a claim upon which relief can be granted, however, is not an affirmative

---

[1] See also *Joe Hand Promotions v. Davis*, C 11-6166 CW, 2012 U.S. Dist. LEXIS 145402, *5-6 (N.D. Cal. Oct. 9, 2012) ("Like other judges in this district who have considered the question of what pleading standard applies to affirmative defenses, this Court has recently held that 'the heightened pleading standard set forth in <u>Twombly</u> and <u>Iqbal</u> also applies to affirmative defenses.'" quoting *Powertech Tech., Inc. v. Tessera, Inc.,* C 10-945 CW, 2012 U.S. Dist. LEXIS 68711, *13 (N.D. Cal. May 16, 2012); *Barnes*, 718 F. Supp. at 1172 ("Rule 8's requirements with respect to pleading defenses in an answer parallels the Rule's requirements for pleading claims in a complaint.").

defense, but would be a defect in Plaintiff's prima facie case. *Barnes*, 718 F. Supp. at 1174. "Failure to state a claim" is not properly asserted as an affirmative defense *Id*. It would be appropriately brought as a Rule 12(b)(6) motion and not as an affirmative defense asserted in an answer. *Id*.  Thus, this "affirmative defense" should be stricken from Defendant's Answer.

### B. Second Affirmative Defense – MMG is Protected By The First Sale Doctrine

Defendant's second affirmative defense states that it is protected by the First Sale Doctrine, but does not give any factual basis for the defense or explanation. Defendant has failed to support assertion of this affirmative defense with even a single fact to put Plaintiff on fair notice of this defense. *Adobe Sys. v. Christenson*, No. 12-17371, 2015 U.S. App. LEXIS 22818, *17 (9th Cir. Dec. 30, 2015) ("Under [17 U.S.C.] § 109(a), the party asserting the first sale defense bears the initial burden of satisfying the statutory requirements. Thus, that party must show ownership through lawful acquisition.") MMG has not asserted any fact that would support this defense and it must be stricken from their Answer.

### C. Third Affirmative Defense – Plaintiff Has Unclean Hands

Defendant's third affirmative defense blankly states the affirmative defense of unclean hands, but does not allege any facts to put Plaintiff on fair notice of the defense. "Simply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean hands.'" *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, *22 (N.D. Cal. Oct. 26, 2009.) Defendant identifies no conduct of Plaintiff's that would provide a basis for an unclean hands defense. Plaintiff is deprived of fair notice when he cannot ascertain any grounds for which Defendant claims a defense. *Gordon & Wong*, 2012 U.S. Dist. LEXIS 41080 at *37. See e.g. *Diary Emples. Union Local No. 17 Christian Labor Ass'n of U.S. Pension Trust v. Dairy*, 5:14-

CV-01295, 2015 U.S. Dist. LEXIS 14805, *17 (C.D. Cal. Feb. 6, 2015) (Defendant's affirmative defense of unclean hands alleged only that the defense was "based upon their [Plaintiffs'] own fault or misconduct," (alteration in original) which was determined to fall well short of providing plaintiff with sufficient notice of the defense.)

Here, even if the defense were a permissible defense to a copyright infringement or DMCA action, Defendant alleges even less factual basis that the defendant in *Dairy*. This defense is thus insufficiently pled and should be stricken from Defendant's answer.

### D. <u>Fourth Affirmative Defense – Plaintiff Had Granted a License to Peter Borsari to Market and Sell the Photographs in Question</u>

Defendant's fourth affirmative defense states that Plaintiff granted a license to Peter Borsari to market and sell the photographs in question. As the party alleging the affirmative defense, MMG has the burden of *identifying* any relevant license that they are relying on to excuse its infringement of Plaintiff's photographs. *Oracle USA Inc. v. Rimini Street, Inc.*, 6 F. Supp. 3d 1108, 1116 (Dist. Ct. Nev. 2014). See e.g., *Michaels v. Internet Entm't Group, Inc.*, 5 F. Supp. 2d 823, 831 (C.D. Cal. 1998) (holding that to establish the affirmative defense of express license, a defendant must identify a license that authorized it to copy the protected work; court analyzing *language* of license to determine if defense is applicable). MMG does not meet its burden here because it simply states that Plaintiff granted a license, but does not identify a license or its terms that would provide a defense to it for the claims asserted against MMG.

### E. <u>Fifth Affirmative Defense – Plaintiff is Barred by The Statute of Limitations</u>

Defendant's fifth affirmative defense states that Plaintiff is barred by the statute of limitations. "Though a detailed recitation of facts is unnecessary, some

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO
STRIKE THE ANSWER OF MASTERPIECE MARKETING GROUP, LLC                    2:15-cv-06629

fact or argument must be presented in order for the Court to conclude that the defense asserted is indeed an affirmative defense." *Baker v. Ensign*, No. 11-cv-2060-BAS(WVG), 2014 U.S. Dist. LEXIS 116170, *10 (S.D. Cal. Aug. 20, 2014). Defendant has not asserted that the infringements alleged in the Complaint occurred at a different time than Plaintiff asserted in the Complaint. The Court must take Plaintiff's properly pled allegations that the infringements occurred within the statutory period as true, without any contradictory facts alleged by Defendant in their Answer. See *Joe Hand Promotions, Inc. v. Alvarado*, 1:10-cv-00907 LJO JLT, 2011 U.S. Dist. LEXIS 5231, *5 (E.D. Cal. Jan. 19, 2011). As pled, Defendant's assertion that Plaintiff is barred by the statute of limitations is nothing more than a recitation of a legal doctrine, it does not provide fair notice to Plaintiff of the affirmative defense, and does not contradict the Complaint. As such, it should be stricken from the Answer.

## F. Sixth Affirmative Defense – Plaintiff has Waived His Right to Claim a Copyright Violation

Defendant's sixth affirmative defense asserts that Plaintiff has waived his right to claim a copyright violation, but Defendant offers Plaintiff and the Court no factual basis for such an affirmative defense. *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 237 (E.D.N.C. 2010) (affirmative defense of doctrine of waiver failed to meet notice pleading requirements because it was stated as a bare legal conclusion); *Qarbon.com Inc.*, 315 F. Supp. 2d 1046 at 1049-50 (striking the defense of waiver when Defendant gave general allegation insufficient to give fair notice and failed to provide any factual basis for the defenses). Plaintiff cannot possibly be on fair notice of the defense that Defendant intends to pursue here.

Specifically with the affirmative defense of waiver, the Defendant is required to show that the Plaintiff intentionally relinquished or abandoned a known right. *United States v. Perez*, 116 F. 3d 840, 845 (9th Cir. 1997). With no facts

forthcoming with respect to the alleged waiver, Defendant here is simply stating a legal doctrine, which is insufficient both to give Plaintiff fair notice and to withstand a motion to strike. Defendant does not even set out the elements of the affirmative defense of waiver, which may be sufficient to place Plaintiff on notice of the defense. *Sun Microsystems v. Dataram Corp.*, 96-20708 SW, 1997 U.S. Dist. LEXIS 4557, *11-12 (N.D. Cal. Feb. 4, 1997). Therefore, this defense should be stricken from Defendant's Answer.

### G. <u>Seventh Affirmative Defense – Plaintiff Abandoned the Photographs he Claims a Copyright Violation In</u>

Defendant's seventh affirmative defense states the affirmative defense of abandonment of photographs he claims a copyright in, but does not give any grounds for the defense. Again, Defendant merely states a legal doctrine without a single supporting fact or explanation of how this doctrine would preclude a finding of liability even if Plaintiff's allegations were true. There are no facts alleged as to how Plaintiff purportedly abandoned his copyrights. See *Monster Cable Prods. V. Avalanche Corp.*, C-08-4792 MMC, 2009 U.S. Dist. LEXIS 23747, *3 (N.D. Cal. Mar. 11, 2009) (motion to strike affirmative defense of abandonment because defendant failed to allege any facts in support thereof or provide any notice of the basis for the defense.) Further, this defense may be intended to negate elements of Plaintiff's prima facie case, and therefore would not properly constitute an affirmative defense. *Barnes*, 718 F. Supp. at 1173-1175. Not only does this defense not give Plaintiff fair notice, this defense is not properly categorized as an affirmative defense and should be stricken from the Answer.

### H. <u>Eighth Affirmative Defense – The Court Lacks Personal Jurisdiction Over Defendant</u>

Defendant's eighth affirmative defense states the affirmative defense of lack of personal jurisdiction, but does not give any grounds for the defense. Defendant

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE THE ANSWER OF MASTERPIECE MARKETING GROUP, LLC**                    2:15-cv-06629

has not met their pleading burden because they have not set forth sufficient facts that, even if taken as true, would support this defense. Further, the issue of whether this Court has personal jurisdiction over Defendant has already been *prima facia* litigated through Defendant's Motion to Dismiss for lack of personal jurisdiction (Dkt. No. 23 and 23-1), which was opposed by Plaintiff (Dkt. No. 28), and ruled on by the Court (Dkt. No. 34). In its Order, the Court denied Defendant's Motion finding that Plaintiff established, at least prima facially, that this Court has specific personal jurisdiction over Defendant and that MMG "failed to put forth a 'compelling case' as to why the exercise of jurisdiction would be unreasonable here." (Dk. No. 34, p. 13, para. 2.) Continuing with its refusal to offer any facts or evidence supporting its position, MMG again, in asserting the defense of lack of personal jurisdiction, fails to support its assertion with any factual basis. As such, Defendant's eighth affirmative defense should be stricken from their answer.

## III.    CONCLUSION

All of the affirmative defenses asserted in Defendant's Answer are bare statements of a legal doctrine, without any attendant facts as to why they apply to this action. None of the defenses withstand the minimal burden placed on Defendant to put Plaintiff on fair notice of the defenses asserted against him. For the foregoing reasons, Plaintiff requests that each of these defenses be stricken.


Dated: January 27, 2016              LAW OFFICES OF ADAM I. GAFNI


                                     By:  /s/ Adam I. Gafni
                                     Adam I. Gafni
                                     Attorneys for Plaintiff
                                     Barry Rosen

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO
STRIKE THE ANSWER OF MASTERPIECE MARKETING GROUP, LLC              2:15-cv-06629