| | |
|---|---|
| 1 | JOSEPH S. LEVENTHAL (SBN 221043)<br>joseph.leventhal@dinsmore.com<br>DINSMORE & SHOHL LLP |
| 2 | 655 West Broadway, Suite 850<br>San Diego, California 92101 |
| 3 | Ph: (619) 356-3518<br>Fx: (619) 615-2082 |
| 4 | MICHAEL A. MILLETT<br>(Admitted Pro Hac Vice) |
| 5 | millett.law@sbcglobal.net<br>Law Office of Michael A. Millett, P.A.<br>8008 Floyd Street |
| 6 | Overland Park, Kansas 66204<br>Ph: (913) 648-3733<br>Fx: (913) 648-3734 |
| 7 | |
| 8 | Attorneys for Defendant<br>MASTERPIECE MARKETING GROUP, LLC |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARRY ROSEN<br><br>Plaintiff,<br><br>v.<br><br>MASTERPIECE MARKETING GROUP, LLC, a Kansas limited liability company, SEARS BRANDS, LLC, SEARS HOLDINGS MANAGEMENT CORPORATION, and DOES 1 through 10,<br><br>Defendants. | CASE NO. 2:15-CV-06629-SJO-AS<br><br>**SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

Case No. 15-CV-6629

**SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**COMES NOW,** the Defendant Masterpiece Marketing Group, LLC, by and through its attorney, Michael A. Millett of the Law Office of Michael A. Millett, P.A., and for its Answer to the Complaint for Copyright Infringement states and alleges as follows:

## I. THE PARTIES

1. Defendant Masterpiece Marketing Group, LLC, hereinafter "MMG" is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph One (1) of Plaintiff's Amended Complaint and therefore denies the same.

2. MMG admits that it is a Kansas Limited Liability Company that is active and in good standing.

3. MMG is without sufficient knowledge or information as to what Plaintiff believes or is informed and therefore denies the allegations in Paragraph Three (3) of Plaintiff's Amended Complaint. MMG states that it sells original photographs on ebay, on www.mmgarchives.com and on www.borsariimages.com and has been selling such original photographs since 2011.

4. MMG is without sufficient knowledge or information as to what Plaintiff believes or is informed and therefore denies the allegations in Paragraph Four (4) of Plaintiff's Amended Complaint.

**SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

5. MMG denies the allegation(s) in Paragraph Five (5) of the Plaintiff's Amended Complaint.

6. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Six (6) of Plaintiff's Amended Complaint and therefore denies the same.

7. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Seven (7) of Plaintiff's Amended Complaint and therefore denies the same.

8. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Eight (8) of Plaintiff's Amended Complaint and therefore denies the same.

## II. JURISDICTION AND VENUE

9. MMG incorporates by reference its answers to Paragraphs 1 through 8 above. MMG is without sufficient knowledge or information regarding the remaining allegations in Paragraph Nine (9) of Plaintiff's Amended Complaint and therefore denies the same.

10. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Ten (10) of Plaintiff's Amended Complaint and therefore denies the same.

11. MMG denies the allegation(s) in Paragraph Eleven (11) of Plaintiff's Amended Complaint. Specifically, MMG denies that venue is proper in the United States District Court for the Central District of California.

12. MMG denies the allegation(s) in Paragraph Twelve (12) of Plaintiff's Amended Complaint. Specifically, MMG denies that it is subject to the Personal Jurisdiction of the Court.

13. MMG denies the allegation(s) in Paragraph Thirteen (13) of Plaintiff's Amended Complaint. Specifically, MMG denies that it is subject to the Personal Jurisdiction of the Court.

14. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Fourteen (14) of Plaintiff's Amended Complaint and therefore denies the same.

### III.   FACTUAL ALLEGATIONS

15. MMG incorporates by reference its answers to Paragraphs 1 through 14 above.

16. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Sixteen (16) of Plaintiff's Amended Complaint and therefore denies the same.

17. MMG denies the allegation(s) in Paragraph Seventeen (17) of Plaintiff's Amended Complaint.

18. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Eighteen (18) of Plaintiff's Amended Complaint and therefore denies the same.

19. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Nineteen (19) of Plaintiff's Amended Complaint and therefore denies the same.

20. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Twenty (20) of Plaintiff's Amended Complaint and therefore denies the same.

21. MMG denies the allegation(s) in Paragraph Twenty-One (21) of Plaintiff's Amended Complaint.

22. MMG denies the allegation(s) in Paragraph Twenty-Two (22) of Plaintiff's Amended Complaint.

23. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Twenty-Three (23) of Plaintiff's Amended Complaint and therefore denies the same.

24. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Twenty-Four (24) of Plaintiff's Amended Complaint and therefore denies the same.

25. MMG denies the allegation(s) in Paragraph Twenty-Five (25) of Plaintiff's Amended Complaint.

26. MMG denies the allegation(s) in Paragraph Twenty-Six (26) of Plaintiff's Amended Complaint.

27. MMG denies the allegation(s) in Paragraph Twenty-Seven (27) of Plaintiff's Amended Complaint.

28. MMG denies the allegation(s) in Paragraph Twenty-Eight (28) of Plaintiff's Amended Complaint.

## IV. FIRST CLAIM FOR RELIEF

29. MMG incorporates by reference its answers to Paragraphs 1 through 28 above.

30. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Thirty (30) of Plaintiff's Amended Complaint and therefore denies the same.

31. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Thirty-One (31) of Plaintiff's Amended Complaint and therefore denies the same.

32. MMG denies the allegation(s) in Paragraph Thirty-Two (32) of Plaintiff's Amended Complaint.

33. MMG denies the allegation(s) in Paragraph Thirty-Three (33) of Plaintiff's Amended Complaint.

34. MMG is without sufficient knowledge or information as to what Plaintiff believes or is informed and therefore denies the allegations in Paragraph Thirty-Four (34) of Plaintiff's Amended Complaint.

35. MMG denies the allegation(s) in Paragraph Thirty-Five (35) of Plaintiff's Amended Complaint.

36. MMG denies the allegation(s) in Paragraph Thirty-Six (36) of Plaintiff's Amended Complaint.

37. MMG denies the allegation(s) in Paragraph Thirty-Seven (37) of Plaintiff's Amended Complaint.

## V. VIOLATION OF DIGITAL MILLENUM COPYRIGHT ACT (17 U.S.C. §1202(A)

38. MMG incorporates by reference its answers to Paragraphs 1 through 37 above.

39. MMG denies the allegation(s) in Paragraph Thirty-Nine (39) of Plaintiff's Amended Complaint.

40. MMG denies the allegation(s) in Paragraph Forty (40) of Plaintiff's Amended Complaint.

41. MMG denies the allegation(s) in Paragraph Forty-One (41) of Plaintiff's Amended Complaint.

42. MMG denies the allegation(s) in Paragraph Forty-Two (42) of Plaintiff's Amended Complaint.

## VI. SECONDARY COPYRIGHT INFRINGEMENT

43. MMG incorporates by reference its answers to Paragraphs 1 through 42 above.

44. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Forty-four (44) of Plaintiff's Amended Complaint and therefore denies the same.

45. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Forty-five (45) of Plaintiff's Amended Complaint and therefore denies the same.

46. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Forty-six (46) of Plaintiff's Amended Complaint and therefore denies the same.

47. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Forty-seven (47) of Plaintiff's Amended Complaint and therefore denies the same.

48. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Forty-eight (48) of Plaintiff's Amended Complaint and therefore denies the same.

49. MMG is without sufficient knowledge or information to admit or deny the allegation(s) in Paragraph Forty-Nine (49) of Plaintiff's Amended Complaint and therefore denies the same.

**WHEREFORE,** have fully answered, Defendant Masterpiece Marketing Group, LLC, prays that Plaintiff takes naught by its First Amended Complaint for Copyright Infringement and for such other and further relief as the Court deems

**SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

just and equitable.

## AFFIRMATIVE DEFENSES

1. Plaintiff had granted a license to Peter Borsari to market and sell the photographs in question.

2. The Court lacks personal jurisdiction over defendant.

3. MMG is protected by the Fair Use Doctrine as codified by Congress in Section 107 of the Copyright Act. To prevent unauthorized use, MMG posts a low resolution digitally watermarked image of the photograph it intends to sell. The image is to provide information to the potential purchaser and not for artistic purposes. By posting the image online it allows a wide audience to view the photo to determine if they want to purchase it as opposed to selling it only to those people who could physically view it. Plaintiff's photos were part of a collection of over 2 million photos taken by Peter Borsari and other photographers that were provided to MMG to be sold. All photos in the collection were owned by Peter Borsari and were lawfully in his collection. MMG is not making copies or prints of the photos it sells rather it is just selling the original photograph. No one would purchase the photo if they could not view it.

4. Plaintiff has abandoned and/or waived his right to claim a copyright violation. MMG is unsure of exactly what photos Plaintiff claims to have a copyright in but believes they involve photos of Gena Nolin and Pamela

1 | Anderson that were taken on the set of Baywatch. Baywatch aired from 1989 to 1999. Gena Nolin was on the show from 1995 to 1999. Plaintiff claims to have accidentally left the photos with Mr. Borsari. Given the time frames the photos would have been with Peter Borsari for approximately 10 years before his death and then with his Trust for another 10 years after his death. In addition, Plaintiff granted a license in the Pamela Anderson photos to Playboy Entertainment Group, Inc., to reproduce the photos. The license was done by Peter Borsari who claimed to own the photos in the license and sent Plaintiff a check for 1/2 of the proceeds. Clearly Plaintiff should have known about Peter Borsari's possession of these photos back in 2002. Plaintiff did not dispute the fact that Peter Borsari claimed to own the photos. Plaintiff accepted the check for his proceeds. Plaintiff did not ask for the photos back or inquire if he had any other photos of his. Plaintiff claims to be Peter Borsari's friend. He knew of his death and knew that his photos were going to be sold to a 3rd party. Plaintiff did not ask the trust if they were in possession of any of his photos.

5. Plaintiff has unclean hands in that he is a serial litigator. Plaintiff knew that Peter Borsari had these photos and did not ask for them back. Plaintiff knew that the trust was selling Peter Borsari's collection to a third party purchaser. Plaintiff instead of getting his photos back from the Trust chose to lie in wait until the new owner tried to sell the photos so he could file a

**SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

copyright claim. Plaintiff cannot intentionally create litigation to supplement his income.

MMG claims any and all other affirmative defense that may be revealed through the course of discovery.

Dated: May 10, 2016

/s/ Joseph S. Leventhal
Joseph S. Leventhal
DINSMORE & SHOHL LLP

/s/ Michael A. Millett
Michael A. Millett
(Admitted Pro Hac Vice)
LAW OFFICE OF MICHAEL A. MILLETT, P.A.

Attorneys for Defendant
MASTERPIECE MARKETING GROUP, LLC

**SECOND AMENDED ANSWER TO FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system was filed electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date specified below.

Dated: May 10, 2016

                         /s/ Joseph S. Leventhal
                         Joseph S. Leventhal

10336235